**In re T. David BURGESS SS # 277–42–0674, Debtor.**

**T. David BURGESS, Plaintiff,**

**v.**

**LIBERTY SAVINGS ASSOCIATION, Defendant.**

**Bankruptcy No. 1–84–01868.**
**Adv. No. 1–84–0226.**

United States Bankruptcy Court, S.D. Ohio, W.D.

April 15, 1985.

Richard D. Nelson, Cincinnati, Ohio, for plaintiff.

John W. Ruddick, Wilmington, Ohio, for defendant.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT AND FOR ABSTENTION.

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff herein is a chapter 11 debtor in this court. The complaint in this adversary proceeding states an unusual claim, to the effect that defendant and plaintiff reached a settlement agreement in a pre-bankruptcy state court foreclosure suit under the terms of which plaintiff has fully performed, but defendant has refused to perform. Plaintiff therefore seeks a declaration that there was a valid and enforceable settlement agreement between the parties and defendant should be ordered to perform its obligations under that agreement. In an amended answer defendant raises defenses going to our jurisdiction, abstention, setting out the statute of frauds, and asserting that the complaint fails to state a claim upon which relief can be granted. Defendant then filed a motion for summary judgment which included an alternative motion to abstain, and it is those motions with which we here deal.

**1. Statute of Frauds.** In support of its motion, defendant has filed an affidavit by Chris Erhardt. Erhardt says that he acted as trial counsel for defendant in the state court mortgage foreclosure matter. He says further that in the process of handling the case he had many communications with opposing counsel in an attempt to resolve the issues between the parties, but that counsel were unable to reach a settlement agreement. Thus, defendant contends that there was not even an oral agreement between the parties, but even if there had been, its enforcement would be barred by the Ohio Statute of Frauds.

In opposition to the motion, plaintiff has filed an affidavit by George P. Leicht, counsel representing plaintiff in the state court foreclosure action. Leicht says that on March 20, 1984 he discussed with Erhardt the possibility of a deed-back of subject property in lieu of foreclosure. Leicht then details in his affidavit discussions and correspondence through March,

April, and May, 1984 which tend to show that there was an agreement between the parties settling the matter. Indeed, Leicht in his affidavit states that plaintiff fully performed everything required of him through Leicht on May 30, 1984. Only thereafter, says Leicht, on about July 18, 1984 did defendant disavow the settlement agreement. Plaintiff then argues, first, that the Statute of Frauds is inapplicable, that even if it is applicable, it has been complied with, and finally, that in any case the present matter has been taken out of the Statute of Frauds by the doctrine of part performance.

The foregoing recapitulation of the positions of the parties makes it clear that summary judgment is inappropriate in this case. There is a genuine issue of material fact as to the entering into of an agreement between the parties, and also substantial questions as to whether the Statute of Frauds should be given any applicability in the present case. Accordingly, the motion for summary judgment will be **denied.**

**2. Abstention.** Defendant invokes 28 U.S.C. § 1334(c)(2) in urging that there must be mandatory abstention by this court of the question here presented because purely state law questions are raised which can be conveniently and timely adjudicated by the Clermont County Court of Common Pleas.

Section 122(b) of Public Law 98–353, Bankruptcy Amendments and Federal Judgeship Act of 1984, provides:

(b) Section 1334(c)(2) of title 28, United States Code, and section 1411(a) of title 28, United States Code, as added by this Act, shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or relating to such cases.

The date of enactment of the Act was July 10, 1984, while the present chapter 11 case was filed July 31, 1984. Consequently, the present adversary proceeding is subject to this newly adopted Code section.

The pertinent statutory language of section 1334(c)(2) is as follows:

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

What is at hand here is a "proceeding based upon a State law ... cause of action", suit to enforce an alleged contract entered into to settle a state court controversy. The proceeding is related to a case under title 11, the case commenced by a petition for relief filed by debtor. The proceeding does not arise under title 11. Further, it does not arise in a case under title 11 with respect to which an action could not have been commenced in a U.S. court absent title 11 jurisdiction. All of that being so, we are required (though the language is directed at the district court, we are exercising judicial power by virtue of an Order of Reference from the district court), to abstain from hearing the proceeding on the following conditions. First, an action must have been commenced in an appropriate state court. Second, that court can timely adjudicate the proceeding.

■ Defendant here has timely moved as required by section 1334(c)(2) for abstention. Apart, however, from a naked assertion that the matter can be timely adjudicated in the state court, no specific showing is offered by defendant to substantiate this assertion.

Accordingly, defendant's motion is denied in its entirety, EXCEPT that this court will reconsider this determination if defendant within twenty (20) days from the date of this Order presents evidence tending to support the statutory requirement. If defendant does so, the matter will be set for hearing, at which time plaintiff will have an opportunity to oppose defendant's position.

SO ORDERED.