**In re James DAVIS, Debtor.**

**Bankruptcy No. 88 B 04017.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 13, 1988.

Zalutsky, Pinski & Di Giacomo, Chicago, Ill., for Adams Sales & Service, Inc.

Michael E. Schwartz, Bickley & Bickley, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

Adam Sales & Service, Inc. ("Adam") has moved for relief from the automatic stay imposed under 11 U.S.C. § 362(a). Adam seeks this relief to pursue its complaint in state court against the Debtor for conspiracy to interfere with business expectancy and breach of an employment contract. Adam's motion will be granted and the automatic stay modified to allow Adam to proceed to final judgment in the state court action.

Adam filed its complaint in the Circuit Court of Cook County in 1986 seeking damages against five defendants: the Debtor, Mr. James Davis a former employee of Adam; two other former Adam employees for breach of their employment contracts and other misdeeds; and two other defendants for tortiously interfering with Adam's

business. The most recent amended complaint (the third) was filed in February, 1988. That complaint alleges that the Debtor entered into both oral and written employment contracts with Adam, which provided that the Debtor would not compete with Adam for a period of eighteen months after the termination of the Debtor's employment. The Debtor allegedly breached these contracts. The complaint also alleges that the Debtor acted willfully and maliciously.

The Debtor filed his petition in bankruptcy on March 12, 1988, which automatically stayed further proceedings against the Debtor in the state court action. Adam argues that it is entitled to relief from the stay because the bases for the state court action are willful and malicious acts, liability for which is non-dischargeable under § 523(a)(6). Adam also asserts that it will be unduly damaged by continuation of the stay because it would be forced to proceed in two courts on essentially similar claims—this court against the Debtor, and the state court against the other former employees and the other defendants.

The Bankruptcy Code, 11 U.S.C. § 362(d)(1), provides that the automatic stay may be modified "for cause, including the lack of adequate protection." The Bankruptcy Code does not provide a definition of "cause" for which modification of the stay is appropriate. Therefore, the court must determine whether discretionary relief from the stay is appropriate on a case by case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985). Cause for lifting the stay exists here, principally because of the risks, if the stay is not lifted, of inconsistent results in two forums, of a conflict in the interpretation of state law between this court and the state court, and of duplication of lawyer and judicial effort.

Adam's complaint consists of seven counts. The first three counts allege that the three former employees (including the Debtor) breached nearly identical employment contracts. The Debtor is the defend-

ant in Count II. Although the breach of contract claim against the Debtor is stated in a separate count, disposition of that claim will depend on the construction of the same contract language and the application of the same principles of Illinois law as the disposition of the counts against the other two former employees.

Count VII alleges a conspiracy among the Debtor and two other defendants to "circumvent the provisions of the restrictive covenants" of the employment contracts.[1] Specifically, the Debtor and another former employee are accused of diverting business to another defendant, a competitor of Adam. Adam relies on the Count VII allegations of willful and malicious conduct in asserting here that its claim against the Debtor is non-dischargeable. Although only this Court may determine the dischargeability of a debt, the predicate factual and legal issues are closely related to claims against the other alleged co-conspirators.

Further, the administration of this bankruptcy case will not be prejudiced by granting Adam relief. Adam's claim can be determined in the state court without interfering with this Court's role. And this Court's decision as to the dischargeability of Adam's claims will simply await judgment in the state court. This Court can then rely upon that judgment to the extent appropriate in the dischargeability proceeding. *See, Brown v. Felsen*, 442 U.S. 127, 139, n. 10, 99 S.Ct. 2205, 2213, n. 10, 60 L.Ed.2d 767, 776, n. 10 (1979) (state court judgment may have collateral estoppel effect in bankruptcy proceeding to determine dischargeability of debt) (dicta); *In re Condict*, 71 B.R. 485, 487 (N.D.Ill.1987) (same). "In lifting the stay, this court would not be abdicating its duty to determine the dischargeability of the debt, if any; it would merely be deferring that determination until another court decides the plaintiff's ... claim." *In re Larkham*, 31 B.R. 273, 277 (Bankr.Vt.1983) (stay lifted to permit employment discrimination action to proceed).

---

1. Counts IV, V and VI are not pertinent to this discussion. They state tort claims against parties other than the Debtor.

Another factor weighing in favor of granting relief is that to do so is consistent with Congressional concerns for comity and respect for state court jurisdiction expressed in 28 U.S.C. § 1334(c).[2] Since no motion for abstention has been made under that Section, it is not directly applicable here for at least that reason. Nevertheless, that section usefully informs the exercise of discretion here.

Factors similar to those here were sufficient cause to lift the stay in *Piombo Corp. v. Castlerock Properties*, 781 F.2d 159 (9th Cir.1986). There, the Debtor filed a chapter 11 petition which stayed a state court breach of contract action. The Ninth Circuit modified the stay, allowing the plaintiff to proceed with the action in state court. The Court found that two factors constituted "cause": first, "a clear congressional policy exist[ed] to give state law claimants a right to have claims heard in state court" under 28 U.S.C. § 1334(c), 781 F.2d at 163; second, and more important, since the case was about to be tried in state court, usurpation of that function by the bankruptcy court would be wasteful and duplicative. The Court therefore allowed the entire action to be disposed of in one forum. *Id.*

Although the facts of *Castlerock* are somewhat unique,[3] and here the state court case is not close to trial, the considerations that led to a finding of "cause" in *Castlerock* are applicable in the case at bar. The state court action commenced by Adam is "related to" the Chapter 11 case, but would not be a core proceedings. As such, the federal courts would lack jurisdiction to hear the state court action were it not for the Chapter 11 proceeding. These facts put Adam's contract action within the Congressional policy of allowing state court claims to be heard in state court. Further, a trial in the bankruptcy court involving the contract and conspiracy issues would be duplicative of a state court trial determining the rights of the other parties.

In addition, the Debtor will experience no hardship by defending the breach of contract action in state court. As suggested above, if the case is not tried in state court, the same proceeding will be conducted in bankruptcy court. A state court proceeding will neither prejudice the bankruptcy estate nor will it interfere with the bankruptcy proceedings. Where these factors are present, some courts have held that the mere desire of a party to modify the stay should constitute sufficient cause to lift the stay. *In re Larkham*, 31 B.R. 273, 276 (Bankr.Vt.1983); *In re Rounseville*, 20 B.R. 892, 893 (Bankr.D.R.I.1982), *In re Elegant Concepts*, 61 B.R. 723 (Bankr.E.D.N.Y.1986). While this Court need not go that far, these cases support the exercise of discretion under the more compelling circumstances found here.

An Order will be entered in accordance with the foregoing, modifying the stay to permit the continuation of the Adam's state court action to final judgment. In all other respects, the stay will remain in effect.

---

**2.** Section 1334(c) provides as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

**3.** In *Castlerock,* the debtor included state law contract counterclaims in his answer to the plaintiff's motion to modify the automatic stay. The plaintiff answered the counterclaims and moved to allow his own counterclaims which was denied by the bankruptcy judge. The paper chase in the case at bar is not as involved, but the differences in no way diminish the applicability of the principles established by the Ninth Circuit.