**In re REVCO D.S., INC., et al., Debtors.**

**Lawrence J. MURRAY, et al., Plaintiffs,**

**v.**

**ON–LINE BUSINESS SYSTEMS, INC., et al., Defendants.**

No. 5:89–0149X.

**Bankruptcy Nos. 588–1308 to 588–1321, 588–1305, 588–1761 to 588–1812 and 588–1820.**

Adv. No. 588–0161.

United States District Court, N.D. Ohio, E.D.

March 21, 1989.

John Silas Hopkins, III, Thomas R. Lucchesi, Baker & Hostetler, Cleveland, Ohio, for debtors.

Stuart E. Hertzberg, Pepper, Hamilton & Scheetz, Detroit, Mich., for Trade Creditors' Committee.

Conrad Morgenstern, Cleveland, Ohio, U.S. Trustee.

Brad Eric Sheler, Fried, Frank, Harris, Shriver & Jacobson, New York City, for Unsecured Noteholders' Committee.

Robert J. White, O'Melveny & Myers, Los Angeles, Cal., for Unofficial Committee of Secured Bank Lenders.

Richard Lieb, William J. Rochelle, Kronish Lieb, Weiner & Hellman, New York City, for Unofficial Preferred Equity Committee.

John R. Lee, S.E.C., Chicago, Ill.

Kevin Breen, George Rooney, Jr., Roetzel & Andress, Akron, Ohio, for plaintiffs Lawrence J. Murray and Raymond A. Fields.

Frank E. Quirk, Brouse & McDowell, Akron, Ohio, for On–Line Business Systems, Inc.

Keith E. Blaha, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for debtors and Leading Software Technology Corp.

## ORDER REMANDING CASE

ANN ALDRICH, District Judge.

 Upon consideration of the Motion for Remand to State Court pursuant to 28 U.S.C. § 1452(b), filed by Lawrence J. Murray and Raymond A. Fields, and upon review of the Report and Recommendations filed by the Bankruptcy Court, the court finds that the interests of justice will be best served by remanding the proceeding to the state court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the case styled Lawrence J. Murray, et al., v. On–Line Business Systems, Inc., et al., which has been removed to the Bankruptcy Court for the Northern District of Ohio from the Common Pleas Court of the State of Ohio, in and for Summit County, and bearing Case No. CV 88–30875 on the docket of that court, be and the same hereby is, remanded to that court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for relief from stay filed by Plaintiffs is granted and the automatic stay is modified solely to permit the case to proceed to final judgment and Plaintiffs are prohibited from commencing any action to collect from the property of Debtor on any liability resulting from said final judgment without further order of the Bankruptcy Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear his own costs.

## REPORT AND RECOMMENDATIONS TO THE DISTRICT COURT ON MOTION FOR REMAND AND MOTION FOR RELIEF FROM STAY

Filed Feb. 13, 1989.

HAROLD F. WHITE, Bankruptcy Judge.

This matter came before the Court for hearing upon "Plaintiffs' Motion for Relief From Stay" and "Plaintiffs' Motion for Remand to State Court Pursuant to 28 U.S.C. sec. 1452(b)." Notice of said hearing was given to all parties as required by Administrative Order No. 1, filed by this court on August 29, 1988.

Appearing at the hearing were Kevin Breen and George Rooney, Jr., on behalf of the Plaintiffs and Thomas R. Lucchesi, on behalf of Defendant, Revco D.S., Inc., Frank Quirk representing Defendants Jeffrey Stein and On–Line Business Systems and Keith Blaha, representing Defendants, Revco D.S., Inc. and Leading Software Technology Corporation.

Pursuant to 28 U.S.C. sec. 1334(b) and secs. 157(b)(2)(G) and (c)(1), and the order of reference, being General Order No. 84 of the U.S. District Court, Northern District Court of Ohio, this court has jurisdiction to evaluate the merits of a motion for remand in accord with Bankruptcy Rule 9027(e) and file a report and recommendation to the District Court for disposition of said motion. Pursuant to Bankruptcy Rule 5011(b) this court is similarly empowered to evaluate and report to the district court regarding the disposition of Plaintiffs' arguments for abstention. Venue is proper in this judicial district pursuant to 28 U.S. C. sec. 1409(a).

### RECOMMENDATION

Based upon review of the above referenced motion for remand and Plaintiffs' arguments for abstention of this matter pursuant to 28 U.S.C. sec. 1334(c)(2), it is the recommendation of this court that the above captioned adversary proceeding be mandatorily abstained from and remanded to the Summit County Court of Common Pleas, and that Plaintiffs' motion for relief from stay be granted.

### FINDINGS OF FACT

1. On March 22, 1988 Lawrence J. Murray and Raymond A. Fields, both Ohio residents (hereinafter "Plaintiffs"), commenced a civil action, Case No. CV 88–30875, in the Summit County Court of Common Pleas against On–Line Business Systems, Inc., a California corporation, Jeffrey D. Stein, a resident of California, and Leading Software Technologies Corporation (LSTC), an Ohio corporation and a subsidiary of Revco D.S., Inc. (collectively hereinafter "Defen-

dants") and Revco D.S., Inc., a Delaware corporation, with its headquarters in Ohio (hereinafter "Debtor"). Plaintiffs' civil action will be hereinafter referred to as "state action."

2. Plaintiffs' complaint alleged seventeen counts in which they sought millions of dollars in damages from Debtor and Defendants based upon alleged breach of an employment agreement, tortious interference with contract rights, fraudulent representation, conspiracy, conversion and constructive trust. Plaintiffs demanded a jury trial on the claims.

3. Plaintiffs' claims against Debtor and the Defendants are closely linked in that they allege secret meetings between Debtor and On–Line Business Systems, Inc. resulted in the violation of Plaintiffs' contract rights and conversion of their property.

4. Debtor and all of the Defendants, on May 11, 1988 and a later date, filed answers to the complaint and counterclaims based upon conversion, breach of fiduciary duties, unjust enrichment and breach of licensing agreement. The discovery process has commenced as the parties have filed requests for production of documents and interrogatories.

5. Debtor and several of its related companies filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this court on July 26 and 28, and October 4 and 5, 1988. Revco D.S., Inc., the corporation named as a defendant in the state action, filed for bankruptcy on July 28, 1988.

6. Pursuant to section 362 of the Bankruptcy Code, 11 U.S.C. sec. 362, the bankruptcy filing stayed all pending actions and proceedings against the Debtors, including the state action.

7. LSTC, a subsidiary of Debtor, did not file for bankruptcy.

8. On October 19, 1988 the Plaintiffs' state action was removed to this court pursuant to Debtor's Application for Removal.

9. Plaintiffs responded on November 2, 1988 by filing a Motion For Remand to State Court Pursuant to 28 U.S.C. sec. 1452(b), and a motion for relief from stay.

10. The Plaintiffs' complaint in the state court action does not involve any rights provided for by title 11 of the U.S. Bankruptcy Code, but asserts only rights under state law.

11. The Plaintiffs are Ohio residents and the Defendants are residents of the state of Ohio, with the exception of Jeffrey Stein, a resident of the state of California, and On–Line Business Systems, Inc., a resident of the state of California.

## DISCUSSION OF LAW

Plaintiffs contend that their motion for remand to state court should be granted for two reasons: (1) Debtor's Application for Removal is untimely and therefore barred; and (2) this Court lacks subject matter jurisdiction in this matter.

■ Plaintiffs' first ground for remand asserts that Debtor erroneously filed its application for removal pursuant to 28 U.S.C. sec. 1452(a) and Bankruptcy Rule 9027. Plaintiffs assert that recent case law holds that Bankruptcy Rule 9027 applies "only to a *predecessor* statute of 28 U.S.C. sec. 1452 [that being, 28 U.S.C. sec. 1478(a)] and is no longer applicable to applications for removal under the new statute." *Brief in Support of Motion to Remand,* page 3–4. Plaintiffs cite the following case law in support: *In re Watson–Mahaney, Inc.,* 70 B.R. 578, 580–81 (Bankr.N. D.Ill.1987); *State Bank of Lombard v. Chart House, Inc.,* 46 B.R. 468, 473 (N.D. Ill.1985); *Allen County Bank & Trust Co. v. Valvmatic International Corp.,* 51 B.R. 578, 581 (N.D.Ind.1985).

Plaintiffs argue that the 30 day time limit of 28 U.S.C. sec. 1446(d) applies to applications for removal brought under 28 U.S.C. sec. 1452 and Debtor's application was untimely as it was filed nearly seven months after being served with the complaint.

The court notes that Plaintiffs' erroneously cite 28 U.S.C. sec. 1446(d) which details the requirements for a bond for a petition for removal rather than sec. 1446(b) which states, "The petition for removal of a civil action or proceeding shall

be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the original pleading ..."

Defendants assert that the application was timely filed and that Bankruptcy Rule 9027 governs the period for removal under 28 U.S.C. sec. 1452 and cites several cases in support including *Aztec Industries, Inc. v. Standard Oil Co. (In re Aztec Industries, Inc.)*, 84 B.R. 464 (Bankr.N.D.Ohio 1987) and *In re Eagle Bend Development*, 61 B.R. 451 (Bankr.W.D.La.1986).

Plaintiffs' position represents the minority view on this issue which is unacceptable to this court. This court adopts the position of *Aztec Industries* wherein Judge Richard Speer held that Bankruptcy Rule 9027 governs the procedure for removal.

As Judge Speer stated in *Aztec Industries* at page 469,

> This Court agrees with the analysis in *Eagle Bend*. Rule 9027 was not so tied to the former removal statute, sec. 1478, that the repeal of sec. 1478, and the subsequent enactment of sec. 1452, caused the implicit repeal of Rule 9027. The majority of more recent cases have also held that Rule 9027 governs the procedure for removal.

Therefore, this court holds that Bankruptcy Rule 9027 establishes the proper procedure for removal of civil actions to the bankruptcy court.

Bankruptcy Rule 9027(a) states:

> (2) TIME FOR FILING; CIVIL ACTION INITIATED BEFORE COMMENCEMENT OF THE CASE UNDER THE CODE. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under sec. 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

In the instant matter the Debtor filed its petition for bankruptcy on July 28, 1988 and filed the Application for Removal on October 19, 1988, within the 90 day requirement of Bankruptcy Rule 9027(a)(2)(A). The other two subsections of Bankruptcy Rule 9027(a)(2) are inapplicable to this case.

Therefore, this court finds that said application was timely filed and Plaintiffs' first ground for remand is without merit.

As their second basis for remand, Plaintiffs assert that this court lacks subject matter jurisdiction of this matter and must abstain from hearing the state action pursuant to 28 U.S.C. sec. 1334(c)(2).

Defendants raise two procedural issues that must be addressed before the court can address the merits of the issue of abstention.

Defendants contend that (1) the issue of abstention is not properly before the court because plaintiffs have not filed a "motion" to abstain as required by Bankruptcy Rule 9014, and (2) the mandatory abstention provision of 28 U.S.C. sec. 1334(c)(2) is not applicable to this proceeding because the state action has been removed to this court and is no longer pending.

■ The court rejects both of Defendants' arguments. While Plaintiffs have not captioned their pleading as "Motion to Abstain" the pleading is sufficient in form to be treated as a motion under Fed.R.Civ. P. 7(b)(1). See *Bumpus v. Uniroyal Tire Co., Division of Uniroyal, Inc.*, 392 F.Supp. 1405, 1406 (E.D.Pa.1975) (holding that letter to court will be treated as a post-trial motion); *Reynolds v. City of Dayton*, 533 F.Supp. 136 (S.D.Ohio 1982) (holding that document which referred to and incorporated request for preliminary relief was sufficient to be treated as a motion for preliminary injunctive relief). In *Baumgartner v. Baumgartner (In re Baumgartner)*, 57 B.R. 517 (Bankr.N.D. Ohio 1986) the court held that abstention pursuant to sec. 1334(c)(2) was appropriate although a motion for abstention had not been filed. The court found that the parties argued the issue of abstention as though a motion had been filed. At page 521–22 the court stated:

If the Court did not decide the issue of abstention solely on the basis that a motion had not been filed, it is likely that such a motion would be filed and the Court would then be required to consider the issue at a later time. To require the actual filing of a motion would be placing form over substance and would not be consistent with the interest of reaching an expeditious resolution to this case.

Upon consideration of the authorities cited above and in the exercise of its power as stated in 11 U.S.C. sec. 105(a), the court will construe and address Plaintiffs' pleading as both a motion for remand and a motion to abstain pursuant to 28 U.S.C. sec. 1334(c)(2).

Defendants' second contention is that the provisions of 28 U.S.C. sec. 1334(c)(2) are inapplicable to removed cases.

In *Paul v. Chemical Bank (In re 666 Associates)*, 57 B.R. 8 (Bankr.S.D.N.Y. 1985) and *General American Corp. v. Merrill Lynch Commodities, Inc. (In re Ross)*, 64 B.R. 829 (Bankr.S.D.N.Y.1986) cited by Defendants, Judge Abram held that motions to abstain based on sec. 1334(c)(2) were applicable only to cases commenced originally in bankruptcy court.

In *666 Associates* the court reasoned at page 12:

█ The language of sec. 1334(c)(2) reflects that the mechanics are premised on the existence of two proceedings: one in the bankruptcy court and a second one in the state court. Indeed if there were only one proceeding, and the court abstained with respect to it, nothing would go forward. In a removed action, there is perforce only one proceeding once removal has been made. This court concludes that sec. 1334(c)(2) is not applicable to a removed action. If Congress had intended that in considering whether to remand a removed action, the court should look to sec. 1334(c)(2) it would have been a simple matter to insert the appropriate cross-reference in sec. 1452(b), just as a cross-reference to sec. 1334 was added in sec. 1452(a). The absence of such a cross-reference is striking since removed actions would princi-

pally be state court actions and presumably be based on state law.

█ This issue is of first impression in this district. The court finds the reasoning in the cases submitted by Defendants not persuasive and adopts the position of the court in *Chiodo v. NBC Bank–Brooks Field (In re Chiodo)*, 88 B.R. 780 (W.D. Texas 1988).

In *Chiodo*, the court analyzes the relationship between 28 U.S.C. secs. 1334 and 1452 and the rationale of *666 Associates*.

Section 1452, in pertinent part, provides:

(a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground...."

The *Chiodo* court rejected the rationale of *666 Associates* and found that both sections 1334 and 1452 "may be harmonized without limiting the plain language of either section." *Chiodo*, at p. 785. The court stated on page 784:

The plain meaning of the jurisdictional reference in section 1452(a) is that section 1334 applies in its entirety. The cross-reference does not state that actions may be removed if the district court has jurisdiction under section 1334(b) but that is the effect of the *666 Associates* reasoning.... The lack of a cross-reference in section 1452(b) is not important because section 1334(c)(2) is incorporated by section 1452(a) along with the rest of section 1334.... (citation omitted).

Accordingly, this court rejects the holding of *666 Associates* and adopts the position of *Chiodo* that the mandatory abstention provision, 28 U.S.C. sec. 1334(c)(2), may apply to actions removed to a bankruptcy court pursuant to 28 U.S.C. sec. 1452(a). See also *Paxton National Insurance Company v. British American Associates (In re Pacor, Inc.)*, 72 B.R. 927, 931

(Bankr.E.D.Pa.1987), *aff'd,* 86 B.R. 808 (E.D.Pa.1987) in which the court stated:

> ... moreover, I conclude that the congressional policies embodied in sec. 1334(c)(2) may constitute an equitable ground for remand. That is, if an adversary proceding (sic) commenced in bankruptcy court would be subject to mandatory abstention, the identical proceeding removed from state court should be remanded under sec. 1452(b).

■ Having determined that sec. 1334(c)(2) is applicable, the court must next determine if abstention should be exercised in this case.

Title 28 U.S.C. sec. 1334(c)(2) states:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

In order for abstention to be exercised under sec. 1334(c)(2) each of the elements in that subsection must be established.

### A. Timely Motion.

A party in the proceeding must make a timely motion to abstain. The application for removal was filed on October 19, 1988. Plaintiffs responded by filing their motion for remand (which requests the court abstain) on November 2, 1988.

It is apparent to the court that the motion was timely filed.

### B. State Law Issues.

The proceeding must be "based upon a State law claim or State law cause of action." Plaintiffs' complaint alleges claims based on state common law for actions of breach of contract, tortious interference with contract, fraudulent representation, conspiracy and conversion. (See Findings of Fact No. 11)

These claims are based on state law contract and tort theories and satisfy this requirement.

### C. Related But No Core Proceeding.

The proceeding must be, "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." In other words, the relief sought in the proceeding must not depend upon the construction or application of bankruptcy law as expressed in title 11. *In re Allied Mechanical & Plumbing Corp. v. Dynamic Hostels Housing Development Fund Co.,* 62 B.R. 873, 877 (Bankr.S.D.N.Y.1986).

When the issues in the proceeding involve state law breach of contract, fraudulent representation and conversion claims which would not have been commenced in the bankruptcy court, but for the bankruptcy filing the proceeding should be regarded as a "related to case not arising under title 11". *Allied Mechanical* at 877 citing *Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation, Inc.),* 42 B.R. 246 (Bankr.E.D.Mich.1984); *Dakota Grain Systems, Inc. v. Rauser Construction, Inc. (In re Dakota Grain Systems, Inc.),* 41 B.R. 749 (Bankr.N.D.1984).

The claims in the instant matter meet this requirement as they are based solely on state law and are not dependent upon the construction or application of bankruptcy law.

### D. Lack of Independent Jurisdiction; Action Commenced.

The proceeding must be one which "could not have been commenced in a court of the United States absent jurisdiction under this section (sec. 1334)." As noted above, this proceeding could not have been commenced in a federal court but for the filing of the bankruptcy petition. The proceeding does not involve a federal question of law or diversity of citizenship.

The proceeding was originally commenced in the Summit County Court of Common Pleas before being removed to this court. The requirement that "an ac-

tion is commenced" is satisfied. (See Findings of Fact Nos. 1, 10, 11)

### E. Timely Adjudication in State Forum.

The state action must be able to be "timely adjudicated" in a state forum of appropriate jurisdiction.

Plaintiffs assert that abstention should be granted because "... there has been no indication that it [the case] could not be adjudicated in a timely manner in that [state] court." *Brief in Support of Motion for Remand,* p. 6.

Defendants argue that Plaintiffs have not satisfied their burden of showing that the state action would be timely adjudicated in state court (by failing to present admissible evidence) and cite several cases in support of their position. In two of the cases cited the courts refused to consider the issue of "timely adjudication" because the moving party simply asserted that matters would be timely adjudicated without presenting evidence to the court. *Burgess v. Liberty Savings Association (In re Burgess),* 51 B.R. 300, 302 (Bankr.S.D.Ohio 1985) and *Sun West Distributors, Inc. v. Grumman Energy Systems Co. (In re Sun West Distributors, Inc.),* 69 B.R. 861, 866 (Bankr.S.D.Cal.1987).

In *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900, 911 (Bankr.E.D. Mich.1985), a case submitted by Debtor, the court denied the motion to abstain finding that the state court proceeding would prolong the administration of the bankruptcy case as the state action had yet to be commenced. The court took judicial notice that due to the crowded dockets in the state, if the case was remanded the earliest trial date would be 30–36 months hence. The facts of *Allard* are not on point with the instant matter, as the instant action was commenced in Summit County Court in March, 1988 and has proceeded toward trial and a suit was yet to be commenced in *Allard.* Accordingly, this court does not find the holding in *Allard* controlling in the instant case. In *Allied Mechanical,* a case submitted by Debtor, the court concluded that the pending proceeding could be time-

ly adjudicated in state court. The court stated on page 878:

However, in the instant case it appears that discovery proceedings are continuing, the state court has rendered decisions on motions and the case is actively proceeding towards a trial. Additionally, the defendants assert that they will demand a jury trial to determine the breach of contract damages claimed in the complaint and in their counterclaim. In the interests of comity and mindful of the legislative concern to allow state courts to continue to interpret state law, this court is satisfied that the state law breach of contract dispute between the parties can be efficiently and timely adjudicated in the state forum.

This court finds the facts of *Allied Mechanical* similar to the instant matter and is persuaded by the reasoning of the court. In this case discovery proceedings are in progress, the case is proceeding towards trial, and Plaintiffs have requested a jury trial. This court is satisfied that the state action can be efficiently and timely adjudicated in the state forum.

Therefore this court concludes that the requirements for mandatory abstention pursuant to 28 U.S.C. sec. 1334(c)(2) are satisfied and will recommend to the district court that it abstain from this case.

### Motion to Remand

Section 1452(b) of the Judicial Code, 28 U.S.C. sec. 1452(b), states:

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

A proceeding may be remanded under sec. 1452(b) based on any equitable ground. Case law has established a list of equitable considerations relevant to a decision to remand. *Baren v. Devon Bank (In re Baren),* 47 B.R. 39, 42–43 (Bankr.N.D.Ill.1984), *aff'd.* 48 B.R. 752 (N.D.Ill.1984).

The court in *Baren* listed several equitable considerations appropriate as a basis for remand:

(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally, e.g., a Court of Claims, or the United States Customs Court.

*Baren* at p. 42–43.

The court in *Chiodo* held that "... remand may be appropriate when abstention is mandated by section 1334(c)(2)." *Id.* at p. 785.

■ This court adopts the position of the *Chiodo* court that mandatory abstention is an additional equitable ground for remand.

■ As this court has already determined that mandatory abstention is appropriate in this case, the court concludes that remand is also appropriate. Additionally, the court will also review the considerations for remand as stated in *Baren.*

Applying the standards of *Baren* in the matter before the court it is apparent that the issues of the state action are based solely on state law and the Summit County Common Pleas Court is particularly well suited to decide those issues. An additional basis for remand is that Plaintiffs have requested a jury trial and they are entitled to have their request honored.

The court is further persuaded by the reasoning of the Sixth Circuit court in *Citibank v. White Motor Corporation (In re White Motor Credit),* 761 F.2d 270 (6th Cir.1985) a case which discusses the rationale for discretionary abstention, a matter somewhat similar to the instant matter. The court stated at page 274:

... federal courts should be hesitant to exercise jurisdiction when "state issues sustantially predominate, whether in terms of proof, of the scope of the

issues raised, or of the comprehensiveness of the remedy sought."

Citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218.

The foregoing considerations are sufficient to require remand of this action to state court pursuant to sec. 1452(b).

### *Motion for Relief From Stay*

■ Additionally, Plaintiffs seek an order from this court granting relief from the automatic stay provision of 11 U.S.C. sec. 362 so that the case may proceed against all parties in state court.

11 U.S.C. sec. 362(d)(1) states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

Plaintiffs assert that "cause" exists for relief from stay because both bankrupt and non-bankrupt defendants "are inextricably linked to events surrounding an action for breach of contract" and relief should be granted to avoid a multiplicity of lawsuits and waste of resources and cite *In re Westwood Broadcasting, Inc.,* 35 B.R. 47, 49 (Bankr.Haw., 1983) and *In re Peckinpaugh,* 24 B.R. 99 (Bankr.N.D.Ohio 1982) in support of their motion. *Motion,* p. 5–6.

Plaintiffs argue that the stay should be lifted as it is imperative that all Defendants and Debtor be present in one forum in order to fully adjudicate the matter. They further state that they seek only to adjudicate their claim against Debtor and will execute on said claim only upon the order of this court.

Debtor argues, without aid of case law or other authority, that no reason exists to lift the stay. Debtor asserts that Plaintiffs may proceed in this court in the removed proceeding and that several hundred pre-petition claims against Debtor exist and to grant relief from stay in this proceeding

would "... be the first step towards creating an unmanageable and unworkable situation for this debtor." *Memorandum of Debtor*, p. 7–8.

The Bankruptcy Code fails to provide a definition of "cause" for which modification or termination of the stay is appropriate. Therefore the court is required to determine if sufficient "cause" for relief exists on a case by case basis.

The administration of the bankruptcy case will not be prejudiced if the case is allowed to proceed in state court for final judgment regarding Plaintiffs' claims, if any, against Debtor. The court can modify the stay to allow the trial to proceed but prohibit Plaintiffs from any actions to recover on any judgment.

The factors in this case are similar to those in *In re Davis*, 91 B.R. 470 (Bankr.N.D.Ill.1988) wherein the court found cause to modify the stay and allow to go forward a state court action against debtor for breach of employment contracts and conspiracy to circumvent restrictive covenants.

In *Davis* the court found the contract action to be a proceeding "related to" the chapter 11 case, not a core proceeding. The court stated at p. 472:

> As such, the federal courts would lack jurisdiction to hear the state court action were it not for the chapter 11 proceeding. These facts put Adam's contract action within the Congressional policy of allowing state court claims to be heard in state court.

This court agrees with the reasoning of *Davis* and finds that the action at bar should proceed in state court in accord with the above mentioned Congressional policies. See also *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159 (9th Cir.1986) wherein the Court of Appeals found the following factors constituted "cause" for terminating the automatic stay: (1) lower court followed congressional policy to give state law claimants a right to have claims heard in state court; and (2) state court trial involving same issues was about to take place.

In the instant matter the state action proceedings have commenced, a complaint and counterclaims have been filed, a jury trial has been requested, discovery is in progress and all the issues are based entirely in state law—the proceeding will be more appropriately and expeditiously determined in the state court.

Further, a modification of the stay to allow the state court to adjudicate only Plaintiffs' claim against Debtor and prohibit recovery of any claim without order of this court would not prejudice the interests of the Debtor. See also, *In re Turner*, 55 B.R. 498, 502 (Bankr.N.D.Ohio 1985) in which this court found any prejudice to Debtor by finding of liability in district court action may be obviated by bankruptcy court's order limiting relief from stay for the sole purpose of obtaining a finding of liability and prohibiting any action to collect on such debt from the property of the debtor.

## CONCLUSION

In conclusion, based upon the foregoing Findings of Fact and Discussion of Law, it is the recommendation of this Court to the District Court that abstention is mandatory under 28 U.S.C. sec. 1334(c)(2). This Court further recommends that the proceedings be remanded back to the Court of Common Pleas of Summit County, Ohio, the court from which this matter was removed, for trial on the merits. This court further recommends that the automatic stay should be modified to allow all parties to proceed with the trial. This court recommends that the District Court judge make the following findings in support of the recommended action:

1. The district court has jurisdiction over this proceeding under 28 U.S.C. sec. 1334(b);

2. Although this proceeding was properly removed under 28 U.S.C. sec. 1452(a), 28 U.S.C. sec. 1334(c)(2) mandatory abstention may apply to this proceeding;

3. Abstention under 28 U.S.C. sec. 1334(c)(2) does apply to this proceeding; and

4. Remand under 28 U.S.C. sec. 1452(b) is appropriate.

5. Sufficient cause exists to modify the automatic stay provisions.