**Victor H. ABADIE III, Plaintiff,**

v.

**John POPPIN and Poppin & Shier, Defendants.**

**No. C–92–4269–JPV.**

United States District Court, N.D. California.

April 19, 1993.

---

ORDER GRANTING PLAINTIFF'S MO-
TION FOR ABSTENTION AND RE-
MAND, DENYING MOTION FOR
SANCTIONS, DISMISSING MO-
TIONS FOR ENLARGEMENT OF
TIME AND WITHDRAWAL OF
REFERENCE AS MOOT

VUKASIN, District Judge.

## INTRODUCTION

Plaintiff's motions to enlarge time in which to file a motion for review, to review the bankruptcy court order, for withdrawal of reference from the bankruptcy court and for sanctions were scheduled to be heard on March 18, 1993. After a review of the briefs, this court submitted the motions without oral argument pursuant to Local Rule 220–1. This Order embodies the court's decisions on the motions.

## BACKGROUND

Defendant John Poppin is a partner in the law firm of Poppin & Shier, which was named by the Santa Rosa bankruptcy court to represent William B. Glover, Trustee in the Chapter 7 bankruptcy case, *In re Allen H. Barker and Cheryl J. Barker,* which underlies this action. Poppin hired plaintiff Victor Abadie III, a consulting geologist, to appraise the bankruptcy estate's oil and gas assets. Abadie alleges that Poppin subsequently demanded a large expansion in the scope of his job. Abadie warned Poppin of the consequent rise in his fee, but claims that Poppin assured him that the debtor would not object and promised to defend Abadie against any objections to the fee by the debtor. Abadie alleges that Poppin made these promises in his personal capacity and not in his official role as attorney to the bankruptcy trustee. Poppin denies ever making such promises and states that all of his dealings with Abadie were in his official capacity as trustee's attorney.

Abadie completed the expanded appraisal, and the debtor objected to Abadie's fee. Abadie alleges that Poppin not only refused to represent him to defend the fee request, but that Poppin also betrayed Abadie's interests by testifying for the debtor against Abadie when Abadie presented his

Victor H. Abadie III, Montara, CA, pro se.

Matthew J. Shier, Poppin & Shier, San Francisco, CA, for defendants.

fee request in bankruptcy court. The bankruptcy court ultimately approved all but a small part of Abadie's fee request, but refused to grant Abadie's request to have the estate pay for the cost of defending his fee request.

In October, 1991, Abadie brought an action in San Mateo County small claims court seeking to recover $5,000 as part of the defense costs he incurred as a result of Poppin's alleged breach of his agreement with Abadie. Poppin removed the action to the Santa Rosa bankruptcy court on the grounds that it appeared to be closely related to the underlying Chapter 7 action. Abadie subsequently dismissed the action which had been removed to bankruptcy court and filed a new complaint on June 12, 1992, in San Mateo County Superior Court. The complaint, which also named Poppin's law firm as a defendant, alleged breach of contract, legal malpractice, and fraud, and requested $750,000 in damages. Poppin again removed the complaint to the Santa Rosa bankruptcy court on the grounds that it appeared to be closely related to the Chapter 7 action.

Abadie moved for the bankruptcy court to abstain and remand the case to state court on the grounds that the court lacked jurisdiction to hear the case. The motion was denied on September 10, 1992. Abadie then filed a motion for reconsideration, which was denied on October 14, 1992. On October 27, 1992, Abadie filed in this court for review of the October 14, 1992 Order.

When Abadie's motions were heard by the late Hon. Robert F. Peckham on December 23, 1992, defendants argued that Abadie had missed the deadline for seeking review of the bankruptcy court's order. The court gave Abadie permission to file a motion to enlarge the time within which to file a motion to seek review of the bankruptcy court's order (nunc pro tunc). That motion, along with Abadie's motion seeking abstention and remand, withdrawal of ref-

erence, and sanctions is the subject of this Order.

## DISCUSSION

This case presents a morass of procedural confusion and half-answered questions. Abadie wants his complaint heard in state court, where he originally brought it. The defendants want the case to remain in bankruptcy court, due to the nexus it shares with the underlying Chapter 7 case. Unfortunately, the waters have been muddied by confusion over whether this court should be hearing an appeal of an order in a core bankruptcy proceeding or objections to proposed findings in a non-core proceeding.

Local Rule 700-3(b) specifically mandates that, on motions for abstention or remand, the bankruptcy judge must issue proposed orders subject to review by this court pursuant to Local Rule 700-6, which governs non-core proceedings. While this does not mean that Abadie's underlying action is necessarily a non-core proceeding, the time limits, procedure, and scope of this court's review of his motions for abstention and remand are governed by those Bankruptcy and Local Rules which apply to non-core proceedings.

### 1. *Plaintiff's Motion for Order Enlarging Time*

Pursuant to Local Rule 700-3(b), the time limits applicable to Abadie's objections are those contained in Local Rule 700-6, which allows ten days from the bankruptcy court's proposed order for objections to be filed.[1] Abadie filed his objections thirteen days after the bankruptcy court's order was filed. However, the order was mailed to Abadie. Bankruptcy Rule 9006(f) provides for an additional three days when the order is served upon the parties by mail. Hence, Abadie's objections were filed within the applicable period. Accordingly, this court will review Abadie's objections; his

---

**1.** The serious procedural problems with the order filed by the bankruptcy court are the root of much of the confusion here. This court could find that the time period for filing objections never began to run, since proposed findings of fact and conclusions of law were never filed with the district court. However, in the interest of judicial economy, the October 14, 1992 order of the bankruptcy court is deemed a proposed order properly before this court.

motion for an order enlarging time is dismissed as moot.

### 2. *Plaintiff's Objections to Bankruptcy Court Order*

■ This court has *de novo* review over the decision of the bankruptcy court not to grant abstention and remand. Local Rules 700–3(b), 700–6; 28 U.S.C. § 157(c)(1). In examining Abadie's objections, the first issue that must be resolved is the question of whether his complaint, which was removed from state court, constitutes a core proceeding.[2] If it does, it properly belongs under the jurisdiction of the bankruptcy court. If it is a non-core proceeding, it may be subject to remand.

■ Core proceedings are defined in 28 U.S.C. § 157(b)(2), which contains a non-inclusive list of specific matters considered core to the bankruptcy case. This subsection also includes a general provision (§ 157(b)(2)(A)) which provides core status for "matters concerning the administration of the estate." However, the Ninth Circuit has held that state law contract cases such as this one which might fit within the catch-all provision of § 157(b)(2)(A) may not be deemed core proceedings. *In re Castlerock Properties,* 781 F.2d 159, 162 (9th Cir.1986). Accordingly, this court finds that Abadie's complaint is not a core proceeding.

■ Non-core proceedings ordinarily do not belong in bankruptcy court, although some "related" proceedings may remain in the federal forum. In the Ninth Circuit, a proceeding is "related" to the bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988). Abadie argues that his complaint is based purely on state law causes of action, directed personally against Poppin and his law firm, that could not have any conceivable effect on the bankruptcy estate. However, there are several possible effects which Abadie's case could have on the bankrupt-

cy. Defendants may be entitled to compensation from the estate if they successfully defend against Abadie's complaint. If Abadie is successful and establishes that Poppin committed malfeasance in the performance of his official duties, Poppin may be liable to the bankruptcy estate for the costs associated with his malfeasance. Since any outcome of Abadie's case will likely have an effect on the bankruptcy estate, this court finds that the complaint is related to the underlying bankruptcy action.

■ The bankruptcy court must abstain from hearing a related proceeding where that proceeding is based on state law, could not have been commenced in federal court absent bankruptcy jurisdiction, and can be timely adjudicated in state court. 28 U.S.C. § 1334(c)(2). Abadie's complaint is entirely based on state law. It was brought in state court, and could not have been removed absent its relation to the underlying bankruptcy case. The bankruptcy court must thus abstain from hearing the case if it is amenable to a timely resolution in state court.

■ Defendants urge this court to deny the motion for abstention and remand on the basis of Abadie's alleged failure to demonstrate that this matter is subject to timely adjudication in state court. Defendants argue that *In re Burgess,* 51 B.R. 300 (Bankr.S.D.Ohio 1985) requires that parties requesting abstention demonstrate, rather than simply allege, that the claim could be timely adjudicated in state court. Defendant's reliance on *Burgess* is misplaced. Beyond the lack of authoritative weight carried by the *Burgess* decision in this Circuit, there are significant factual differences between *Burgess* and the case at bar. In *Burgess,* an adversary proceeding was brought in bankruptcy court. Upon defendant's motion for remand of the adversary action, the court held that it was unwilling to accept defendant's "naked allegation" that timely adjudication could be

---

**2.** Pursuant to the Local Rules, this court reviews Abadie's motions for abstention and remand under the procedures for non-core proceedings.

This does not, however, reflect on the status of the underlying complaint.

had in state court. Unlike *Burgess*, Abadie has already brought an action in state court, and is seeking to have it remanded back to that forum. While an affirmative showing of the possibility of timely adjudication in state court may be necessary where a movant seeks abstention from a proceeding originating in federal court, such a showing is not necessary where the movant is contesting the removal of his own state action.

This court sees no reason why this action would not be amenable to timely adjudication in state court. It was originally brought in state court, where Abadie presumably thought he would be able to receive timely relief under California fast track rules, which aim to bring 90% of all cases to trial within a year of filing. Accordingly, this court finds that mandatory abstention is required pursuant to 28 U.S.C. § 1334(c)(2), and Abadie's motion for abstention and remand is granted.

3. *Plaintiff's Motion for Withdrawal of the Reference*

■ Abadie has requested a jury trial. Had this court not granted Abadie's motion for abstention and remand, withdrawal of the reference would have been mandated by the Ninth Circuit's rule that bankruptcy courts have no jurisdiction "to make final determinations in matters that could have been brought in a district court or state court." *Castlerock*, 781 F.2d at 162. Since the bankruptcy court's findings of fact in a related case are subject to *de novo* review by the district court, yet the Seventh Amendment prohibits review of a jury's findings, bankruptcy courts cannot conduct jury trials in related cases. Withdrawal of the reference would thus be required unless this court were to find that Abadie is not entitled to a jury trial. Such a finding is beyond the scope of the present controversy, since this court has ordered remand of this case to state court. Accordingly, the motion for withdrawal of the reference is dismissed as moot.

4. *Plaintiff's Motion for Sanctions*

■ Abadie has moved for $44,833 in sanctions, representing the value of his time and expenses spent in fighting the allegedly improper removal of his case to bankruptcy court. This court finds that the removal and subsequent claims by defendants were not frivolous or otherwise in violation of Fed.R.Civ.P. 11. Plaintiff's complaint was related to the bankruptcy case, and defendants had good cause to believe and argue that the case should have been heard in federal court. Accordingly, plaintiff's motion for sanctions is denied.

## CONCLUSION

In accordance with the foregoing discussion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for abstention and remand to state court is GRANTED.

2. Plaintiff's motion for sanctions is DENIED.

3. Plaintiff's motions for an order enlarging time and for withdrawal of the reference are DISMISSED as moot.

IT IS SO ORDERED.