Paul KOSSMAN, Plaintiff,

v.

The TJX COMPANIES, INC., formerly known as Zayre Corp., Defendant.

Civ. A. 90–1305.

United States District Court,
W.D. Pennsylvania.

June 17, 1991.

---

Ronald G. Backer, Atty., Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., for plaintiff.

James H. Webster, Michael J. Hennessy, Attys., Pittsburgh, Pa., for TJX.

## MEMORANDUM AND ORDER

McCUNE, Senior District Judge.

We consider the objections of the plaintiff to the report and Recommendation of the Magistrate. The issue is whether the action by Paul Kossman against defendant TJX is a "related proceeding" as defined in 28 U.S.C. § 1334(b).

## BACKGROUND

Plaintiff Paul Kossman, a Pennsylvania resident, on August 6, 1982, leased to defendant TJX Companies, Inc., a Delaware corporation (formerly Zayre Corporation), certain premises in Pittsburgh for a period of twenty years. Kossman's action involves claims against TJX for breach of the lease which occurred beginning in 1989.

In 1982 TJX assigned its interest in the lease to Atlantic Zayre, a wholly owned subsidiary of TJX. According to the affidavit of Jay H. Meltzer, an officer of TJX, Ames Department Stores, Inc. purchased substantially all of the assets and business of the Zayre Stores Division of TJX pursuant to an acquisition agreement dated September 15, 1988. Meltzer stated that the acquisition agreement provided that Ames had agreed (subject to conditions not relevant here) to assume all liabilities, obligations, claims, costs, and expenses—whenever arising—from the ownership, possession, use, or operation of the assets or the business of the Zayre Stores Division. The affidavit further asserts that Ames also agreed to indemnify TJX against any loss, liability, claim, damage, or expense suffered by TJX to the extent arising from any liabilities and obligations assumed by Ames. The affidavit avers that Ames commenced voluntary proceedings under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York on April 25, 1990.

The complaint was filed on August 7 1990. On August 29, 1990 defendant filed a Notice of Bankruptcy, Notice of Automatic Stay, Motion for Referral to Bankruptcy Court and for Extension of Time to Respond to the Complaint.

Magistrate Sensenich found that plaintiff's claims against defendant were related to the Ames bankruptcy because of the indemnification clause contained in the acquisition agreement. Based on the indemnification and this court's "Order of Reference of Bankruptcy Proceedings *Nunc Pro Tunc*" which delegated to the bankruptcy court all matters within this court's federal bankruptcy jurisdiction, Magistrate Sensenich recommended that we grant defendant's motion for referral to bankruptcy court and have the bankruptcy court address defendant's motion for extension of time to respond to complaint.

## DISCUSSION

The Third Circuit Court of Appeals' definition of a related proceeding centers on "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). Under this approach, a proceeding is related "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the estate." *Id.* Under this definition, even a proceeding which portends a mere contingent or tangential effect on a debtor's estate may meet the broad jurisdictional test. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988). The fact that the debtor is not a party to the proceeding does not, in and of itself, pre-

clude the proceeding from qualifying as one which is related to the bankruptcy case. *In re Chargit, Inc.*, 81 B.R. 243 (Bkrtcy.S.D.N.Y.1987) *citing Pacor*, 743 F.2d at 994.

In *Pacor*, which involved a product liability suit against an asbestos distributor (Pacor), the products liability action was found not "related to" the ongoing bankruptcy case of Johns–Manville, the asbestos manufacturer. The analysis focused upon the lack of indemnification between the asbestos manufacturer (Johns–Manville) and its distributor (Pacor). The Third Circuit Court of Appeals found that the products liability action was not "related to" the bankruptcy proceeding because a plaintiff's verdict would not, by itself, be sufficient to gain even a contingent claim against Johns–Manville. It was noted that

> "there would be no automatic creation of liability against Manville on account of a judgment against Pacor. Pacor is not a contractual guarantor of Manville, nor has Manville agreed to indemnify Pacor, and thus a judgment in the Higgins–Pacor action would not give rise to automatic liability on the part of the estate."

*Pacor*, 743 F.2d at 995. To enforce a judgment against Johns–Manville plaintiffs would be required to bring an entirely separate proceeding addressing whether the manufacturer was obligated to indemnify its distributor. On this basis the Third Circuit concluded the outcome of the underlying products liability action could have no conceivable effect on, and therefore was not "related to," the Johns–Manville bankruptcy.

Applying the *Pacor* analysis, where a debtor corporation's by-laws included agreements to indemnify the officers and directors, claims against the officers and directors were found to be "related to" the debtor's bankruptcy case because a judgment for plaintiff would have an effect on the bankruptcy estate, as some part of the estate would be susceptible to being diverted to meet the indemnity obligation. *Philippe v. Shape, Inc.*, 103 B.R. 355 (D.Me. 1989); *In re Athos Steel and Aluminum, Inc.*, 71 B.R. 525 (Bkrtcy.E.D.Pa.1987).

Plaintiff does not dispute that Ames agreed with TJX to indemnify TJX in respect of any liability incurred by reason of the lease. Plaintiff's Memorandum in Opposition, pp 2–3. There appear to be no severe contractual conditions precedent to the indemnification of TJX. *See Central Maine Restaurant Supply v. Omni Hotels Management Corp.*, 73 B.R. 1018 (D.Me. 1987) (The indemnification provision in the approved plan of debtor was subject to a number of conditions which rendered defendant's right to indemnification dubious). Our research has found no caselaw requiring the debtor to have received notice of the civil claim for the civil action to be deemed "related to" the bankruptcy.

### CONCLUSION

Since the acquisition agreement between Ames and TJX provides for indemnification by Ames of Kossman's claims against TJX, this action is "related to" Ames' bankruptcy and should be referred to bankruptcy court.

The objections of the plaintiff to the Magistrate's Report are therefore dismissed.