**DUNKIRK LIMITED PARTNERSHIP,**
Plaintiff,

v.

**The TJX COMPANIES, INC., Defendant.**

**No. 1:91 CV 407.**

United States District Court,
N.D. Ohio, E.D.

March 25, 1992.

James J. Bartalozzi, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, for plaintiff.

Dean D. Gamin, S. Stuart Eilers, Thompson, Hine & Flory, Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, District Judge.

Before the Court are Plaintiff's motion to remand and Defendant's motion to refer to bankruptcy court. For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's motion.

### FACTUAL BACKGROUND

Plaintiff Dunkirk began the instant litigation in the Court of Common Pleas for Cuyahoga County on January 25, 1991. Defendant TJX removed the case to this Court on March 6, 1991. The complaint alleges that Plaintiff and Defendant executed a lease agreement, under which the

latter is obligated to pay real estate taxes in the amount of $38,416.86, which it has failed to do.

The present motions arise because Defendant had assigned its rights under the lease agreement to Ames Department Stores, Inc. (Ames), an entity that filed a petition under Chapter 11 of the United States Bankruptcy Code prior to the commencement of this case, on April 25, 1990. As part of the same transaction involving the lease agreement, Defendant obtained from Ames an indemnity agreement, which it asserts covers any liabilities that might arise from this matter.

On the basis of the foregoing facts, Defendant argues that this matter is related to the Ames bankruptcy case. Accordingly, Defendant moves that this matter be referred to bankruptcy court, where an automatic stay would apply.

In addition to opposing Defendant's motion, Plaintiff argues that this matter should be remanded to the Court of Common Pleas. It offers two independent reasons in support of its motion. First, litigation over the lease is not related to the Ames bankruptcy. Second, even if it were, it falls within a category that requires mandatory abstention.

## DISCUSSION

### I. JURISDICTION

Defendant removed on the ground that the instant case was "related to" the Ames bankruptcy case. Plaintiff contends that while courts have taken an expansive view of what matters are "related to" bankruptcy, the lease agreement falls outside of the scope of that jurisdiction.

■ The statutory provision on this point states that:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). Following the Third Circuit, the Sixth Circuit has held that whether a civil proceeding is "related to" a bankruptcy case is determined by inquiring "whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *See In re Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir.1991) (quoting *In re Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original)); *Robinson v. Michigan Consolidated Gas Company, Co.*, 918 F.2d 579, 583 (6th Cir.1990) (same). Diverging slightly from the Third Circuit, the Sixth Circuit has added the caveat that "situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement." *Wolverine Radio*, 930 F.2d at 1142; *Robinson*, 918 F.2d at 583.

Plaintiff invokes the caveat. It argues that the lease agreement is linked to the Ames estate only by the indemnity agreement between Defendant and the Ames estate. Furthermore, it argues that the indemnity agreement is conditional; thus, it concludes that even though Defendant may be able to look to the Ames estate for any liability incurred here, it is unclear whether the Ames estate ultimately would be affected.

Plaintiff places great weight on a case where jurisdiction did not exist because "the indemnification provision [was] subject to a number of conditions that render the [Defendant's] right to indemnification uncertain." *Central Maine Restaurant Supply v. Omni Hotels Management Corp.*, 73 B.R. 1018 (D.Me.1987). But the indemnification provision considered in that case and the one at issue here differ significantly. As Defendant has pointed out, the *Central Maine* agreement required that the defendant notify the debtor of any claim and tender the claim to the debtor in order to qualify for indemnity, and even then, funds would be provided only for six months after confirmation. The restrictions that were crucial in *Central Maine* have no parallel here.

■ The overall agreement between Defendant and Ames, including the indemnifi-

cation provision, indicates that the latter shall assume all liabilities, obligations, costs and expenses arises from ownership and operation of the assets which were sold, and in addition, indemnify and hold harmless Defendant as against any loss, liability, claim, damage or expense arising from any of the liabilities and obligations which were assumed. *See* Defendant's Mem. in Support of Motion for Referral, Ex. 1 at 5, 39, 42–43. Furthermore, Plaintiff has found limitations on indemnity only in a section concerning procedures for Ames assuming defense of an action. *See id.* at 44.

In sum, the overall agreement between Defendant and Ames is fairly read as granting to Defendant a contractual right to indemnification. Even accepting that some likelihood exists that Defendant would not be able to secure indemnification in all instances, and may not be able to do so if liability results here, this case is still "related to" the Ames bankruptcy. It meets the jurisdictional threshold because the outcome of the proceeding could conceivably have an effect on the Ames bankruptcy and the indemnity agreement forms more than an extremely tenuous connection to the Ames estate.[1]

## II. ABSTENTION

■ As the Court has concluded that it has jurisdiction under the "related to" clause of 28 U.S.C. § 1334(b), it next considers abstention under 28 U.S.C. § 1334(c)(2), which reads:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction ... This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11 ...[2]

Defendant argues that § 1334(c)(2) does not apply where a case has been removed pursuant to 28 U.S.C. § 1452. This argument is unavailing. The Sixth Circuit recently noted that § 1334(c)(2) does apply "even though a case has been removed pursuant to 28 U.S.C. § 1452." *Robinson,* 918 F.2d at 584 n. 3 (*citing, inter alia, In re Revco,* 99 B.R. 768 (N.D.Ohio 1989)).

Abstention is mandatory under § 1334(c)(2) only if its conditions are satisfied. The conditions are discussed as follows: (1) timely motion; (2) state law claim; (3) the basis for removal is "related to" jurisdiction; (4) the state action could not have been commenced in district court absent 28 U.S.C. § 1334; (5) the action is commenced and can be adjudicated in a timely manner in state court. *See In re Revco,* 99 B.R. at 774–75.

The first four elements are present. First, Plaintiff made its motion twenty

---

**1.** Defendant has provided the court with supplemental filings, consisting of other recent decisions finding jurisdiction "related to" the Ames bankruptcy. *See Kossman v. The TJX Companies,* 136 B.R. 640 (W.D.Pa.1991); *Commonwealth Life Insurance Co. v. Oakes,* Case No. 91–1782 (N.D.Ohio December 9, 1991); *Widewaters Roseland Center Co. v. The TJX Companies,* 135 B.R. 204 (N.D.N.Y.1991); *Bond Street Associates v. The TJX Companies,* Case No. 91–1290 (E.D.N.Y. December 5, 1991) (transcript); *Johnston the Florist, Inc. v. Zayre Corporation,* Case No. 90–495 (W.D.Pa. July 29, 1991); *Krafchick v. Zayre of East Providence, Inc.,* 137 B.R. 560 (D.Mass.1991). While the Court agrees with these decisions as regards jurisdiction, none of them addressed the issue of remand.

**2.** As a leading treatise states:

Section 1334(c)(2) represents a compromise over wildly disparate legislative antecedents. On the one hand, there were those legislators who thought that any lawsuit involving a state law cause of action could not constitutionally be heard even in a federal district court acting under section 1334(b). On the other hand, many took the view that so long as the ultimate decisionmaker was a district court judge, and the procedures set out in section 157(c)(1) were observed, there was no need for mandatory abstention at all. That the resulting compromise satisfied no one can be seen in the legislative history.

1 *Collier on Bankruptcy* § 3.01(3)(b) at 3.75–3.76 (1992) (L. King, ed.).

days after Defendant filed its notice of removal. Second, the complaint recites only a cause of action based on state law, namely, breach of contract. Third, Defendant has not argued that the case arises under Chapter 11 or that it arises in a case under Chapter 11, but only that it is "related to" a case under Chapter 11. Fourth, the case could not be brought under either federal question or diversity jurisdiction, as it does not arise under federal law, and does not involve an amount in controversy exceeding $50,000.

■ The fifth element depends in large part on the applicability of the automatic stay. If the proceeding would be stayed in state court, then · it obviously cannot be adjudicated in a timely manner, as contemplated by § 1334(c)(2). But if the proceeding would not be stayed in state court, then it could be adjudicated in a timely manner, and remand becomes appropriate. The Court concludes, as discussed in detail below, that the stay is applicable. Thus, not all of the requirements for mandatory abstention are satisfied.

### III. STAY

"Even where the court has abstained pursuant to § 1334(c), the stay granted under § 362 must be modified in order to allow the resolution of claims other than in the court with jurisdiction over the bankruptcy." *Pursifull v. Eakin*, 814 F.2d 1501 (10th Cir.1987). That is, abstention does not in and of itself mean that the automatic stay is inapplicable. § 1334(c)(2) ("This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11 ...") The present case, if it were remanded, would not be able to go forward unless the automatic stay is either inapplicable or lifted. Defendant correctly observes that this Court has jurisdiction to determine the applicability of the automatic stay, but only the so-called "home" bankruptcy court may lift an otherwise applicable automatic stay. *See, e.g., United States v. LeBouf Brothers Towing Co.*, 45 B.R. 887, 891–92 (E.D.La.1985). *Cf. In re Revco*, 99 B.R. at 770, 775 (permitting Plaintiffs to proceed to final judgment but prohibiting them from collecting on any liability resulting without further order of bankruptcy court).

Plaintiff argues that, as a threshold matter, the stay is not applicable at all, presumably a determination that this Court may make without reaching any question of modification. Plaintiff cites a Sixth Circuit decision that, in addition to stating the general rule that a stay applies only to debtors and not third parties, specifies, "[the stay] may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir.1983).

Defendant responds that an exception exists where, as here, suit is brought "against a third party who is entitled to absolute indemnity by the debtor." In such a situation, the real party in interest is the debtor. It follows that "[t]o refuse application of the statutory stay ... would defeat the very purpose and intent of the statute." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

■ The Court finds that Defendant has the better view. Sureties, guarantors and co-obligors are not the same as an indemnitor. Indeed, one of the principal reasons for seeking assurance from a guarantor is the risk of insolvency of the guaranteed party. Moreover, the proper analogy for a suit against a surety is not a suit against an indemnified party, but rather a suit against the indemnitor. That latter situation would obtain where TJX was bankrupt, not Ames. Then, like a surety, an indemnitor would be a third party which could not take advantage of an automatic stay.

Accepting Plaintiff's view would lead to an anomalous result. While a handful of cases "related to" a bankrupt estate would be scattered throughout the state courts, the bulk of them would be consolidated within a single bankruptcy court. For example, numerous other cases involving Defendant have already been referred to the

"home" bankruptcy court. *See* note 1, *supra.* Allowing this matter to go forward in the Court of Common Pleas would be contrary to federal policies designed to reach just and efficient results by bringing together as much as possible litigation affecting a bankrupt estate.

Thus, the stay is applicable. Of course, the "home" bankruptcy court may modify it. In addition, Plaintiff may renew its motion for mandatory abstention before the "home" bankruptcy court.

In conclusion, the Court DENIES Plaintiff's motion to remand. The Court GRANTS Defendant's motion to refer to bankruptcy court. This matter is referred to the bankruptcy court for the Southern District of New York.

IT IS SO ORDERED.