**LOOMIS ELECTRIC, INC., Plaintiff,**

v.

**LUCERNE PRODUCTS, INC.,**
**et al., Defendants.**

No. 5:98–CV–866.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 4, 1998.

Harry W. Schwab, Akron, OH, Andrew J. Michaels, Wadsworth, OH, for Loomis Electric Inc., plaintiffs.

Christopher J. Niekamp, Roderick, Myers & Linton, Edmund Lee Wagoner, Jr., Cole Company, Roger J. Stevenson, Roetzel & Andress, Akron, OH, George W. Rooney, Jr., Roetzel & Andress, Cleveland, Harry A. Tipping, Lesley A. Weigand, Law Offices Of Harry A. Tipping, Akron, OH, for Lucerne Products, Inc., Bank One Clevelan, NA, Linda Matthews, Fireman's Fund Insurance Co., John Does, 1 through 10, defendants.

## ORDER

GWIN, District Judge.

On May 13, 1998, Defendant Bank One Cleveland, N.A. filed a motion to remand this case to the Summit County Court of Common Pleas [Doc. 8].[1] Defendant Bank One's motion follows Plaintiff Loomis Electric's April 13, 1998 notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1452 [Doc. 1]. Defendant Bank One contends this cause should be heard in state court because the issues presented do not arise under this Court's exclusive or original jurisdiction over bankruptcy cases as provided by 28 U.S.C. § 1334(a) or (b).[2]

---

1. The collective defendants in this case include: Lucerne Products Inc., Debtor and Debtor–in–Possession; Bank One Cleveland, N.A.; and Linda Matthews. Co-defendant Fireman's Fund Insurance Co. filed a notice of dismissal on May 4, 1998 and was subsequently terminated from the case by order of this Court entered May 15, 1998 [Doc. 7].

2. Title 28, U.S.C. § 1334 provides:

   (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

   (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or

In ruling on Defendant Bank One's motion to remand, the Court considers whether Plaintiff Loomis Electric properly removed this case to federal court. In doing so, the Court specifically decides whether this action is a "case under title 11" such to give this Court original and exclusive jurisdiction under 28 U.S.C. § 1334(a). If not, the Court then decides whether this is a civil proceeding "arising under title 11, or arising in or related to" a case under title 11 such to give this Court original but not exclusive jurisdiction under 28 U.S.C. § 1334(b).[3] If federal court jurisdiction can be predicated upon § 1334(b), the Court then decides whether the doctrine of mandatory abstention requires remanding this cause to state court.[4]

For the reasons that follow, the Court concludes that this cause is not a case under Title 11 pursuant to 28 U.S.C. § 1334(a). The Court also concludes that this proceeding does not "arise under" or "arise in" a case under Title 11, but that it is a proceeding "related to" a case under Title 11 pursuant to 28 U.S.C. § 1334(b). As this cause is only related to a case under Title 11, the Court further concludes that it must abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2). Accordingly, the Court lacks jurisdiction and remands this case to the Summit County Court of Common Pleas for further proceedings.

### I. Facts.

On April 23, 1997, Plaintiff Loomis Electric, Inc. filed its complaint against Defendants Lucerne Products, Inc., et al., in the Summit County Court of Common Pleas.[5] This action involves fire damage to a building owned by Defendant Lucerne Products. For purposes herein, Defendant Bank One holds a mortgage on the damaged property. Defendant Linda Matthews was an officer of Defendant Lucerne Products. Plaintiff Loomis Electric provided Lucerne Products with materials and labor to repair the fire damage. To date, Lucerne Products has failed or neglected to pay Plaintiff Loomis Electric for the materials and services rendered. Plaintiff Loomis Electric sues Defendants Lucerne Products to recover the amounts due.

On February 23, 1998, the Summit County Court of Common Pleas denied Plaintiff Loomis Electric's request to appoint a state receiver over Defendant Lucerne Products's property. On February 24, 1998, Plaintiff Loomis Electric, with two other creditors, filed an involuntary bankruptcy petition against Lucerne Products pursuant to 11 U.S.C. § 303.[6] On March 5, 1998, Defendants Lucerne Products filed a "Suggestion of Stay" in the Summit County Court of Common Pleas. On March 12, 1998, Plaintiff Loomis Electric filed its objection thereto.[7]

On March 16, 1998, and after a hearing, the United States Bankruptcy Court for the Northern District of Ohio granted Lucerne Products's motion to convert the involuntary Chapter 7 case to a voluntary case under Chapter 11. On April 13, 1998, Plaintiff Loomis Electric removed this case here.

courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §§ 1334(a) and (b).

**3.** *See In re G.T.L. Corporation,* 211 B.R. 241, 243 (Bankr.N.D.Ohio 1997) (interpreting 28 U.S.C. § 1334(b) and Sixth Circuit precedent to conclude that "the district courts have original and exclusive jurisdiction over bankruptcy cases but have concurrent jurisdiction with the state courts as to proceedings arising in, arising under, or related to bankruptcy cases.").

**4.** On April 28, 1998, Defendant Bank One filed its statement pertaining to removal as required by Fed. Bankr.R. 9027. In it, Defendant Bank One denies that Plaintiff Loomis Electric's mo-

tion to remove this cause is proper. Defendant Bank One further states that it does not consent to the entry of final orders or judgment signed by the bankruptcy judge.

**5.** *See Loomis Electric, Inc. v. Lucerne Products, Inc., et al.,* Case No. CV–97–04–3170 filed on April 22, 1997, Summit County Court of Common Pleas.

**6.** *See In re Lucerne Products, Inc.,* Case No. 98–50531, filed in the United States Bankruptcy Court for the Northern District of Ohio, Akron.

**7.** On March 24, 1998, the Summit County Court of Common Pleas transferred this cause to its inactive docket "subject to reinstatement at such time as the Court has been notified that the Bankruptcy Stay has been lifted."

In its notice of removal, Plaintiff Loomis Electric contends this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 1441, *et seq.* In saying that this Court had original jurisdiction, Loomis said this is a civil action under Title 11. As related, Plaintiff Loomis suggests removal to the United States District Court is permitted under 28 U.S.C. § 1452 [8] and Fed. Bankr.R. 9027.[9]

## II. Standard of Review

■■■ If a federal court of competent jurisdiction determines that a case before it presents no basis for federal jurisdiction, the court has a duty to remand the case. 28 U.S.C. § 1447(c).[10] If a case is improperly removed to federal court pursuant to 28 U.S.C. § 1441, the court must remand the case back to the state court from which it was removed. 28 U.S.C. § 1447(d). Remand may be initiated *sua sponte* or upon motion of a party. *Wood v. Home Ins. Co.,* 305 F.Supp. 937, 938 (C.D.Cal.1969). If a federal court is in doubt of jurisdiction, such doubt must be resolved in favor of state court jurisdiction. *Cheshire v. Coca–Cola Bottling Affiliated, Inc.,* 758 F.Supp. 1098, 1102 (D.S.C.1990).

As this case arises in the context of bankruptcy and where a party here does not consent to the entry of final orders or judgments by the bankruptcy judge, this Court, sitting in bankruptcy, considers the standards for removal and remand under 28 U.S.C. §§ 1441, 1447, and 1452 in conjunction with the provisions governing district court jurisdiction of bankruptcy cases and mandatory abstention under 28 U.S.C. §§ 1334(a), (b), (c)(2) and § 1452.

---

**8.** 28 U.S.C. § 1452 states in part:
  (a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where the such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
  (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.
  28 U.S.C. §§ 1452(a) and (b).

**9.** Bankruptcy Rule 9027, states in pertinent part:
  (a) Notice of Removal.
  (1) Where filed; Form and Content. A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plaint statement of the facts which entitle the part filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.
    \*   \*   \*   \*   \*   \*
  (2) Time for Filing; Civil Action Initiated Before Commencement of Case Under Code. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only with the longest of (A) 90 days after the order for relief in the case under the Code; (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
  Fed. R. Bankr.P. 9027(a)(1) and (2).

**10.** 28 U.S.C. § 1447 says in relevant part:
    \*   \*   \*   \*   \*   \*
  (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
    \*   \*   \*   \*   \*   \*
  28 U.S.C. §§ 1447(c) (emphasis added).

### III. Discussion

Any party to a lawsuit may remove a case to federal court if a proper basis for jurisdiction is provided. Although removal to federal court under 28 U.S.C. § 1441 is limited to removal by the "defendant or defendants," removal under § 1452(a) permits removal by "party." 28 U.S.C. § 1452(a).[11] Here, Plaintiff Loomis Electric is a party entitled to remove this case if there is a proper basis for jurisdiction. Accordingly, the Court decides whether Plaintiff Loomis Electric asserts a basis for jurisdiction.

Title 28 U.S.C. § 1334 governs federal district court jurisdiction over bankruptcy cases. See *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir.1991), *cert. dismissed*, 503 U.S. 978, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992).[12] Specifically, §§ 1334(a) and (b) outline when a district court has original or exclusive jurisdiction over such cases. The Court evaluates these provisions separately to determine whether the instant case presents a basis for jurisdiction.

#### A. 28 U.S.C. § 1334(a)

Title 28 U.S.C. § 1334(a) provides that district courts "shall have original and exclusive jurisdiction of all cases under title 11." A case arising "under title 11" is the case begun by the "filing of a bankruptcy petition pursuant to 11 U.S.C. §§ 301, 302, or 303." *Robinson*, 918 F.2d at 583. It is "the case upon which all of the proceedings which follow the filing of a petition are predicated." *In re Hudson Oil Co., Inc.; Stallings v. Kellogg*, 68 B.R. 735, 737 (D.Kan.1986) (citations omitted).

Here, the instant case does not arise under Title 11 because the case was initiated in the Summit County Court of Common Pleas before the involuntary bankruptcy petition was filed. Rather, the associated case arising "under title 11" is the underlying bankruptcy case filed originally with the United States Bankruptcy Court.—*In re Lucerne Products, Inc.*, Case No. 98–50531. Because this case is not a case "under title 11," this Court lacks jurisdiction pursuant to 28 U.S.C. § 1334(a).

#### B. 28 U.S.C. § 1334(b)

Having decided that jurisdiction does not exist under § 1334(a), it must arise, if at all, under § 1334(b). This Court will have jurisdiction under § 1334(b) only if the instant proceeding (1) "arises under title 11," (2) is a proceeding "arising in" a case under title 11, or (3) is a proceeding "related to" a case under Title 11. *Wolverine*, 930 F.2d at 1141. A proceeding arising under or arising in a case under Title 11 is a "core proceeding." A proceeding not arising under or in a case under Title 11, but that is "related to" a case under Title 11 is a "non-core proceeding.[13] The Court first addresses whether this case is a "core proceeding."

Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding "arises in" a case under Title 11 if the case is a "core proceeding" under 28 U.S.C. § 157(b). See *In re G.T.L. Corp.*, 211 B.R. 241, 245 n. 4, 5 (Bankr.N.D.Ohio 1997). Section 157(b)(1) provides in pertinent part:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or a arising in a case under title 11, . . .

28 U.S.C. § 157(b)(1). In essence, core proceedings are those proceedings that "fall

---

11. See 15 Collier on Bankruptcy § 3.01(4)(c) (15th ed.1996).

12. In *Wolverine*, the Sixth Circuit identified four types of matters over which the district court has jurisdiction. These include (1) "cases under title 11," (2) "proceedings arising under title 11," (3) proceedings "arising in" a case under title 11, and (4) proceedings "related to" a case under title 11. *Id.* at 1141. *See also Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579 (6th Cir.1990); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984).

13. *See* Collier on Bankruptcy § 3.01(2)(b)(ii), stating:
> [T]here is no such thing as a core matter which is "related to" a case under title 11. Core proceedings are, at most, those which arise in title 11 cases or arise under title 11.

15 Collier on Bankruptcy § 3.01(2)(b)(ii), at 3–40 (15th ed.1996).

within the core area of bankruptcy power." *In re Hudson Oil Co.*, 68 B.R. at 738. Examples of core proceedings include objections to claims, objections to the dischargeability of debt obligations, and determinations of what constitutes property of the bankruptcy estate. Section 157(b)(2) provides a non-exhaustive list of core proceedings.

Here, Plaintiff Loomis Electric argues the instant case is a core proceeding "in that the claims of Plaintiff relate to materials and service provided to Lucerne Products Inc., Debtor and Debtor–in–Possession and to recover from third party Defendants assets of Lucerne Products Inc. transferred in fraud to rights of creditors, including Plaintiff Loomis Electric." The Court disagrees.

First, Plaintiff Loomis Electric's claims are not the typical "core issues" that traditionally arise under Title 11. Instead, Plaintiff Loomis Electric's claims seek relief for breach of contract, unjust enrichment, declaratory judgment, divestment of insurance proceeds, and conveyance in fraud of rights of creditors. These claims are state law claims that, unless arising in or under a pending bankruptcy case, do not constitute core issues under Title 11.

Second, by definition, core proceedings are limited to proceedings that arise directly under Title 11, or that arise in a case under Title 11. As discussed, the instant case is not a case under Title 11. Nor is this proceeding a case arising in a case under Title 11. The phrase "arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11 … and 'arising in' proceedings are those, that by their very nature, could arise only in bankruptcy cases." *Wolverine*, 930 F.2d at 1144. Accordingly, a proceeding arising in a case under Title 11 would begin after the bankruptcy petition was filed. Such cases traditionally involve claims arising "out of" the underlying bankruptcy case. Plaintiff Loomis Electric's

claims do not fall within this category. Rather, Plaintiff Loomis Electric filed its complaint against Defendant Bank One before the bankruptcy filing. As this case arose before the bankruptcy filing, it cannot be considered a proceeding "arising under title 11" or proceeding "arising in a case under title 11." 28 U.S.C. § 157(b)(1).

Having decided this case is not a core proceeding, the only basis for jurisdiction that remains is if the case is "related to a case under title 11." 28 U.S.C. § 157(c)(1). District courts obtain jurisdiction over non-core proceedings if the proceeding is a matter "related to" a case under Title 11. Section 157(c)(1) states:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed finds and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).[14] A proceeding is related to a bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re G.T.L Corporation*, 211 B.R. 241, 245 (quoting *Pacor, Inc.*, 743 F.2d 984, 994 (3rd Cir.1984)).

Further, related proceedings involve "matters that are traditionally state law actions, not made subject to a federal rule of decision, but that are related, though only peripherally, to a pending bankruptcy case." *In re Hudson Oil*, 68 B.R. 735, at 739. Generally, "related matters are those non-core proceedings 'that, in the absence of bankruptcy, could have been brought in a district court or state court.'" *Id.* at 741 (citation omitted).[15]

---

**14.** Section 157(c)(2) states:
(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate

orders and judgments, subject to review under section 158 of this title.
28 U.S.C. § 157(c)(2).

**15.** *See* Collier on Bankruptcy § 3.01(1)(c) discussing proceedings related to cases under Title 11 as follows:

Considering these factors, the Court decides whether Plaintiff Loomis Electric's claims against Defendants Lucerne Products could effect the administration of the bankruptcy estate.

Here, Plaintiff Loomis Electric, a creditor of Debtor Lucerne Products, sues to recover monies owed on a contract. In doing so, Plaintiff Loomis Electric makes claim against Lucerne Products and other third-party defendants on theories of unjust enrichment, recovery of insurance proceeds paid or assigned to third parties, and fraudulent conveyance. While is it uncertain whether Plaintiff Loomis Electric will recover on its claims against any of these defendants, it is highly probable that pursuing these claims could conceivably effect the administration of the bankruptcy estate. For instance, the fact that Defendant Lucerne Products is both a defendant in this action and the Debtor-in-Possession in the underlying bankruptcy case, will likely have an effect on the administration of the bankruptcy estate. The effect on the estate need not be certain. Rather, as stated by the Sixth Circuit in *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579:

> [t]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Id.* at 583 (quoting *Pacor, Inc.*, 743 F.2d 984, 994 (3rd Cir.1984)). Applying the standard above, the Court concludes that the instant

proceeding is "related to" the underlying bankruptcy case.

Having determined that this Court has jurisdiction under 28 U.S.C. § 1334(b), the Court next decides whether it is required to abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2).

### C. Mandatory Abstention

■■■ Section 1334(c)(2) provides the requirements for mandatory abstention. It states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under [T]itle 11 but not arising under [T]itle 11 or arising in a case under [T]itle 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Abstention under the above section is only mandatory if the following five criteria are satisfied: (1) timely motion; (2) state law claim; (3) the basis for removal is "related to" jurisdiction; (4) the state action could not have been commenced in the district court absent 28 U.S.C. § 1334; and (5) the action is commenced and can be adjudicated in a timely manner in the state court. *Dunkirk Ltd. Partnership v. TJX Companies, Inc.*, 139 B.R. 643, 645 (N.D.Ohio 1992).[16]

Applying the above factors to the instant case, the Court concludes that it must abstain from hearing this case. First, Defendant Bank One timely filed its motion to

---

[I]t seems clear that cases encompassed by section 1334(b) "related proceedings" are those which (1) involve causes of action owned by the debtor that became property of the estate under section 541, and (2) are suits between third parties which "in the absence of bankruptcy, could have been brought in district court or a state court" and whose outcome could conceivably have an effect on the bankruptcy estate.
15  Collier on Bankruptcy § 3.01(1)(c), at 3-28, 3-29 (15th ed.1996) (footnotes omitted).

**16.**  *See also Bowen Corp., Inc. v. Security Pacific Bank Idaho, F.S.B.,* 150 B.R. 777, 781

(Bankr.D.Idaho 1993) (setting forth the following seven requirements for mandatory abstention: (1) a timely motion by the party seeking abstention; (2) the action involves purely state law questions; (3) the action is "related to a case under title 11;" (4) there is no independent federal jurisdiction over the action absent the petition under Title 11; (5) the action is commenced in a state court; (6) the state court action may be timely adjudicated; and (7) a state forum of appropriate jurisdiction exists) (citations omitted).

remand this cause on May 13, 1998 [Doc. 8]. Second, Plaintiff Loomis Electric's claims are purely based on state law. Third, as discussed above, the only basis for removal is "related to" jurisdiction. Fourth, there is no basis for federal jurisdiction absent the filing of the bankruptcy petition under 11 U.S.C. § 303. As related, this case could not have been filed in district court as there is no diversity of citizenship between the parties, nor is there a federal question presented. Fifth, the present action has already been commenced in the Summit County Court of Common Pleas and can be adjudicated there in a timely manner.

### IV. Conclusion

After evaluating the factors as outlined above, the Court has no option but to remand this cause to the Summit County Court of Common Pleas. Accordingly, the Court grants Defendant Bank One's motion to remand this cause to the Summit County Court of Common Pleas for all further proceedings. Pursuant to 28 U.S.C. § 1334(d), this Court's decision to remand this case shall not be construed as to limit the applicability of the stay provided for under 11 U.S.C. § 362.

IT IS SO ORDERED.